Freeman, J.,
delivered the opinion of the Court.
This was a suit commenced before a Justice of the Peace, for Claiborne county, by the defendants in error against the plaintiff in error, on an account coming from another State, proven by the oath of the party, under the Code, 3780. A judgment was rendered by the Justice in favor of plaintiff below for the amount of his claims.
Some twelve months after the rendition of this judgment, Brown filed his petition for writs of certiorari and supersedeas, seeking a new trial of the ease. In the petition, after giving reasons for not appealing, he denies that the debt was justly due, in these words: “So your petitioner most positively states, that said account was *445 thus fully paid and satisfied, and he did not owe said plaintiff anything.
On the trial of the case in the Circuit Court, plaintiff read his account, sworn to, as evidence of his debt, which was .not objected to.' Defendant then proposed to prove the payment of the account sued on, which was refused by the Court, on the ground that the account had not been denied on oath.
The question in this case is, whether the denial of the account made in the petition for certiorari, was such a denial on oath, as put plaintiff on proof of the same, or entitled defendant to disprove the account.
"We think such denial was a sufficient denial of the account on .oath, as meets the requirements of the Code.
The object of this provision was to enable the plaintiff, in such cases, to have judgment without further proof, unless defendant would deny the account on oath, and thus give him notice that he must be prepared to prove the correctness of the account.
The denial of the account in the petition for certio-rari, the petition being sworn to, is sufficient to meet this object of the statute, and puts plaintiff fully in possession of the fact, that the correctness of the account is denied.
An account thus proven, is put on the footing of a promissory notej and it has been held by this Court, that the denial of authority of an agent to put one’s name as stayor to a judgment made in the petition for certiorari, was equivalent to a plea of non est factum. McDowell v. Turney, 5 Sneed, 225. The principle of the above case is conclusive of the present.
*446 We hold his Honor erred in refusing to allow defendant to show that the account was paid, and that it had been sufficiently denied on oath, in the petition for certiorari, to put plaintiff on proof of the same, and to allow the defendant to introduce proof that the account was not correct, as a debt against him at the commencement of the suit.
The case will be reversed, and remanded to the Circuit Court for a new trial.